## Illinois Central Railroad Co. v. Jacob Keller, Appellee.

1. Negligence—*Running-Trains at a Rate of Speed Prohibited.*—The fact as to whether a train was run at a rate of speed prohibited by an ordinance is for the determination of the jury.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of St. Clair County; the Hon. Benjamin R. Burroughs, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

G. A. Koerner and Victor K. Koerner, attorneys for appellant.

Fred B. Merrills and Robert A. Mooneyham, attorneys for appellee.

Mr. Presiding Justice Creighton delivered the opinion of the court.

This was an action on the case by appellee against appellant to recover damages for a personal injury, commenced and prosecuted to judgment in the Circuit Court of St. Clair County. The trial was by jury. Verdict for appellee for $750. Appellant brings the case to this court and urges as grounds for reversal:

That the court gave at the instance of appellee improper instructions; that the verdict is against the evidence, and that the verdict is excessive.

The declaration charges the defendant with running its train in a manner prohibited by two ordinances of the city of Belleville. One prohibiting freight trains from running within the city limits at a greater rate of speed than six miles an hour, the other requiring a bell on the engine to be kept continuously ringing while moving a train within the city. The plea was not guilty.

A carload of grapes had been consigned to one Christ Meiser, and upon reaching its destination in the city of

Belleville was switched onto a side track north of the main track and fifteen feet distant from it.   There was another side track immediately north of the one on which Meiser's car stood, but it was occupied by a line of box cars standing so close as not to leave room to reach his car from that side.   Appellee went with Meiser to assist him in unloading the car, they taking for that purpose a one-horse wagon. On arriving at the railroad yards an employe of appellant pointed out to them Meiser's car, which was accessible only from the side next to the main track, and so they drove the wagon into the open space between the car and the main track and proceeded with their work, Meiser standing in the car handing out the baskets of grapes, and appellee standing in the wagon placing them.   The horse was not tied; the lines hung loose in the wagon.   While thus situate a freight train of appellant passed on the main track and appellee's horse took fright at the train and became unmanageable.   In trying to control the horse appellee jumped out of the wagon, taking hold of the halter strap near the bits.   In the struggle with his horse he was thrown against the side of the moving train, knocked down, and holding onto his horse was by it dragged over a crossing.   He was quite seriously injured, had three or four ribs broken, his hips and legs bruised, ankle lamed, hurt in his side and back and was "spitting blood."   He was confined to his bed from these injuries six weeks, and still suffering pain at time of the trial.   His business was that of a blacksmith, and he could earn $3.50 to $4 per day when he worked at his trade.

There is no material error in the instructions given for appellee.   Upon the whole case the jury was fully and fairly instructed.

As to whether or not appellee was in the exercise of due care and caution, in addition to what is disclosed above, the evidence shows that the horse was gentle, and that appellee was accustomed to drive horses.   As to speed of the train, the estimates of the witnesses range from twenty miles an hour down to three miles an hour, and there is also a con-

flict of testimony as to whether the bell was kept continuously ringing or not. All these questions, together with that as to the cause of the injury and the amount of damages sustained by appellee, were properly and fairly submitted to the jury, and we find in this record no sufficient reason for disturbing the verdict.

The judgment of the Circuit Court is affirmed.